UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

TOMMY WALTERS

CRIMINAL ACTION

NO. 06-017-BAJ-DLD

**RULING**

This matter is before the Court on a motion by defendant, Tommy Walters, to vacate, set aside or correct pursuant to 28 U.S.C. § 2255 (doc. 900), and upon a letter submitted by defendant, in which he requests the appointment of counsel (doc. 952). The government has filed an opposition to the motion to vacate (doc. 914), the defendant has replied to the opposition (doc. 915); and the Magistrate Judge submitted a Report and Recommendation on March 15, 2012 (doc. 941).

The Court first considers defendant's request for appointment of counsel. Under Rule 8(c) of the Rules Governing § 2255 Cases, the appointment of counsel for a petitioner who is financially eligible for appointment of counsel is mandatory in a federal habeas case only when the Court orders an evidentiary hearing. *See, e.g.*, *United States v. Vasquez*, 7 F.3d 81 (5th Cir. 1993). Rule 8(c) further provides that the authority of the Court to appoint counsel under 18 U.S.C. § 3006A is not otherwise limited and, under that section, a Court may appoint counsel to a person seeking relief under 28 U.S.C. § 2255 "if the interest of justice so requires". Accordingly, the appointment of counsel to a habeas petitioner in the absence of an evidentiary hearing is a matter that lies within the discretion of the Court. *See United*

1

*States v. Moore*, 29 F.3d 623 (5th Cir. 1994), *citing Chaney v. Lewis*, 801 F.2d 1191 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023, 107 S.Ct. 1911, 95 L.Ed.2d 516 (1987).

The Court has carefully considered the law applicable to the action and the record of this matter, including, but not limited to, the motion to vacate (doc. 100), the opposition to the motion (doc. 914), the reply to the opposition (doc. 915), and the Report and Recommendation of the Magistrate Judge, dated March 15, 2012 (doc. 941). In the instant case, it does not appear from the Court's review of the record, at least at the present time, that an evidentiary hearing will be necessary to address the petitioner's claims and, accordingly, it does not appear that appointment of counsel is mandatory herein. Further, assuming *arguendo* that the petitioner is financially eligible for appointment of counsel under 18 U.S.C. § 3006A, the Court does not find that the interests of justice require that the Court appoint counsel in this case. The issues raised do not appear to be unusually complex, and the petitioner's pro se pleadings have adequately highlighted the relevant issues and pertinent facts in the record. Additional briefing by counsel would not significantly assist the Court in addressing the issues raised herein. Under these circumstances, appointment of counsel would not be an efficient use of judicial resources and, therefore, would not serve the interests of justice. *See, e.g., Self v. Blackburn*, 751 F.2d 789 (5th Cir. 1985) (appointment of counsel on appeal is not in the interests of justice where supplemental briefing by counsel would not assist the court); *Schwander v. Blackburn*, 750 F.2d 494 (5th Cir. 1985) (appointment of counsel on appeal is not in

the interests of justice where the petitioner's pro se brief adequately highlights the issues and facts pertinent thereto).

Accordingly, defendant's request for appointment of counsel, shall be denied.

As is noted *supra*, the Court has carefully considered the law applicable to the action and the record of this matter, including, but not limited to, the motion to vacate (doc. 100), the opposition to the motion (doc. 914), the reply to the opposition (doc. 915), and the Report and Recommendation of the Magistrate Judge, dated March 15, 2012 (doc. 941). Having done so, the Court hereby approves the Report and Recommendation of the Magistrate Judge, and adopts it as the Court's own opinion herein.

## CONCLUSION

Accordingly, the request of defendant, Tommy Walker, for appointment of counsel is **DENIED**, and the motion by defendant to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 is **DISMISSED**, without prejudice, and **IT IS ORDERED** that the Clerk of Court re-enter defendant's original criminal Judgment in this case. Defendant will, thereafter, have the time allowed by Federal Rule of Appellate Procedure 4(b)(1)(A)(I) to file a Notice of Appeal from that Judgment.

Baton Rouge, Louisiana, May 4, 2012.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA